```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS


ALAN V. SALZMAN,                )
         Plaintiff,             )
                                ) C.A. No. 05-10846-MEL
     v.                         )
                                )
                                )
JUDGE E.M. HEFFERNAN,           )
     ET AL.,                    )
         Defendants.            )
```

## MEMORANDUM AND ORDER

For the reasons stated below, plaintiff's complaint will be dismissed in 35 days from the date of this Order unless plaintiff shows good cause, in writing before that time, as to why it should not be dismissed.

## PROCEDURAL BACKGROUND

On April 15, 2005, *pro se*[1] plaintiff Alan V. Salzman ("plaintiff") filed a civil complaint, a motion for the appointment of counsel, and an application to proceed without prepayment of the filing fee.  The Court subsequently granted plaintiff's application to proceed without prepayment of fees, but summonses have not yet issued pending completion of a screening on the merits pursuant to 28 U.S.C. § 1915(e)(2) (governing screening of *in forma pauperis* actions).

---

[1] It appears that plaintiff has or had legal counsel in matters unrelated to this filing.  See Summons form submitted with Complaint, listing Attorney Tony Karajanis of Hamden, CT as plaintiff's attorney.  This action, however, was not filed by counsel.

1

**ALLEGED FACTS**

Plaintiff, who calls himself "Sir Alan V. Salzman,"[2] currently resides at the Veteran's Association Medical Center in Leeds, Massachusetts.  See Complaint p. 7.  The complaint is extremely confused and somewhat incoherent.  The gist of this action appears to be that plaintiff is dissatisfied with prior Connecticut probate court proceedings in which Judge E. M. Heffernan appointed a conservator, Charles Gilhooly, to manage plaintiff's financial affairs.  Complaint ¶¶ 7-9.  Judge Heffernan and Charles Gilhooly are the named defendants in this action.  It appears that plaintiff believes that the defendants conspired to have him committed in order to steal his money.  See Complaint, generally.

More specifically, plaintiff alleges that the defendants "are malevolent, especially the Judge and of evil will" and that they are "malicious because of their greed for money and have come after mine."  Complaint ¶ 1.  He asserts that he has "federally protected finances" from "past family inheirtances [sic] from several countries," and that he has "blood ties to

---

[2] Plaintiff states that his title "Sir Alan V. Salzman, Esq., III" was given to him "by the President himself in due process with Mr. Salzman's help and work with the Department of Justice and the Dept. of the F.B.I."  See Letter dated March 26, 2005, attached to Complaint.  Plaintiff also states, "Oh by the sight of me you wouldn't know but I have 100% Royal blood sir - allergic to psychotropic meds."  Complaint ¶ 8.

Jesus Christ's family of saints; here [in] Russia and in China."[3] Complaint ¶ 2. He claims to have assets in banks in the United States, Russia, China, Holland, Switzerland and Amsterdam.[4] Complaint ¶ 4. He suggests that defendants and 13 unnamed Veterans' Administration employees have conspired to steal his money, and in furtherance of their scheme, they "sent" him "to the VA by making up some story" with the intention of assigning a conservator "to do him in and lay claim to [his] estate." Complaint ¶¶ 5-9.

In terms of relief, plaintiff seeks to "get back charge of estate and drop to this committment [sic] I'm under from Heffernan," and $100,000,000.00 in damages from each defendant. Complaint ¶ 9. Finally, plaintiff seeks jail time for both defendants. Complaint ¶ 9.

## ANALYSIS

I. Plaintiff's Complaint Is Subject To Preliminary Screening Pursuant To 28 U.S.C. § 1915(e)

As noted above, plaintiff seeks to proceed in this action without prepayment of the filing fee. Accordingly, his complaint is subject to the screening provisions of 28 U.S.C. § 1915(e).

---

[3] Plaintiff also claims that he has been "keeping the world free from terrorism and communism...for so many years with J.C. assisting," and that he has "worked for the US Government now for 4 years and have been registered as a Federal Regulator because of [his] values and to assist in maintaining strength of the Banking Industry holding all [his] assets." Complaint ¶¶ 4-5.

[4] In his application to proceed without prepayment of fees, plaintiff appears to claim that he has $2,037,540,022 in his various bank accounts, as well as $111,400 in cash, checking or savings accounts.

Section 1915 authorizes a federal court to dismiss any *in forma pauperis* action if it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under Section 1915, *in forma pauperis* complaints may be dismissed *sua sponte* and without notice if the claims are based on an indisputably meritless legal theory or if the factual allegations are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). An *in forma pauperis* complaint can also be dismissed if it fails to state a claim on which relief may be granted or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

II. Plaintiff's Claims Against Judge Heffernan Will Be Dismissed Because They Lack An Arguable Basis In Fact or Law

Although the Court is mindful that pro se complaints must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court will nevertheless dismiss plaintiff's claims against Judge Heffernan because it has long been established that judges cannot be held liable in civil actions for their judicial acts. Stump v. Sparkman, 435 U.S. 349, 355-357 (1978); Cok v. Cosentino, 876 F.2d 1, 2-3 (1st Cir. 1989). See also Mireles v. Waco, 502 U.S. 9, 11 (1991) (*per curiam*) ("judicial immunity is an immunity from suit, not just from the ultimate assessment of damages); Pierson v. Ray, 386 U.S. 547, 554 (1967) (immunity applies even when the judge is accused of acting maliciously and corruptly); Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996)

(even where a party alleges that a judge conspired with another party to rule against him, such allegations do not pierce the immunity extended to judges).

In this case, it appears that plaintiff complains solely of acts allegedly committed by Judge Heffernan in his capacity as a judge. Accordingly, Judge Heffernan is absolutely immune from suit for those acts, and plaintiff's claims against him will be dismissed as lacking any arguable basis in fact or law. See Neitzke, 490 U.S. at 325. In addition, plaintiff's complaint against Judge Heffernan will also be dismissed pursuant to 28 U.S.C. § 1915(e)(2) because it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(iii).

III. Plaintiff's Claims Against His Conservator Are Dismissed Because They Lack An Arguable Basis In Fact or Law

Plaintiff's claims against defendant Gilhooly similarly lack merit because Gilhooly is entitled to immunity from suit for actions undertaken in his capacity as conservator. Guardians and conservators serve a quasi-judicial function, and are therefore entitled to the same absolute judicial immunity enjoyed by judges. Cok v. Costentino, 876 F.2d 1, 3 (1st Cir.1989) (citing Cleavinger v. Saxner, 474 U.S. 193, 200 (1985)). Accordingly, plaintiff's claims against defendant Charles Gilhooly will also be dismissed as lacking any arguable basis in fact or law. See Neitzke, 490 U.S. at 325; 28 U.S.C. § 1915(e).

IV.   Federal District Courts Lack Jurisdiction To Review
      State Court Proceedings

To the extent that plaintiff seeks to have this court review decisions rendered by the Connecticut probate court regarding his commitment and/or the appointment of a conservator, the complaint must be dismissed for yet an additional reason.  Quite simply, a federal district court has no authority to review the final determinations of a state court.  See Hill v. Town of Conway, 193 F.3d 33, 39 (1st Cir. 1999); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923) (district courts may not exercise appellate jurisdiction over state courts).  Plaintiff's avenue of appeal, if any, resides with the Connecticut state court system.[5]

## CONCLUSION

For the reasons set forth above, this action will be DISMISSED in 35 days from the date of this Order, unless plaintiff shows good cause before that time, in writing, as to why it should not be dismissed.  IT IS FURTHER ORDERED that plaintiff's motion for counsel is also hereby DENIED.

SO ORDERED.

Dated in Boston, Massachusetts, on this 23rd day of February, 2006.

/s/ Morris E. Lasker
SENIOR, UNITED STATES DISTRICT JUDGE

---

[5] Under Connecticut law, aggrieved parties have the right to appeal decisions of probate courts to the superior court for the judicial district in which the probate is located.  See C.G.S.A. § 45a-186(a)-(b).